UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MANDELAS,<br><br>        Plaintiff,<br><br>    v.<br><br>DANIEL N. GORDON, PC, et al.,<br><br>        Defendants. | CASE NO. C10-0594JLR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE |

This matter comes before the court on Defendant Daniel N. Gordon, PC's ("Gordon") motion to dismiss or to strike pursuant to Federal Rule of Civil Procedure 12(b) and 12(f) (Dkt. # 8). Having considered the submissions of the parties, and deeming oral argument unnecessary, the court DENIES Gordon's motion to dismiss or to strike (Dkt. # 8).

## I.  BACKGROUND

Mr. Mandelas alleges the following in his amended complaint (Dkt. # 4). In 2001, Defendant CACV of Colorado, Inc. ("CACV") purchased a debt that Mr. Mandelas

ORDER- 1

allegedly owed to a third-party creditor. (Am. Compl. ¶ 12.) On September 18, 2006, Mr. Mandelas received notice of a claim filed by CACV with the National Arbitration Forum ("NAF") in an attempt to collect the debt. (*Id.* ¶ 13.) Mr. Mandelas avers that he tried to contact the NAF to contest CACV's claim, but he received no response. (*Id.* ¶ 14.) On December 14, 2006, the NAF entered an arbitration award in favor of CACV. (*Id.* ¶ 15.)

On February 27, 2007, Gordon issued a summons in connection with a lawsuit initiated in Washington state court to confirm the December 2006 arbitration award. (*Id.* ¶ 16 & Ex. B.) On January 23, 2008, Gordon filed with the state court a copy of the summons; a declaration that service was effected on October 7, 2007; and an application for an order to confirm the arbitration award. (*Id.* ¶ 18 & Ex. C.) Mr. Mandelas contends, however, that he was never actually served in connection with this lawsuit. (*Id.* ¶ 17.) On January 23, 2008, the state court entered an order confirming the arbitration award, as well as a judgment against Mr. Mandelas in the amount of $15,052.42, plus 12% interest from the date of the arbitration award. (*Id.* ¶ 23 & Exs. D, E.)

In September 2009, Defendants began to make efforts to collect the judgment. (*Id.* ¶ 24.) Mr. Mandelas informed Gordon that he was unaware of the judgment that had been entered against him and that he had never been served with papers in connection with the judgment. (*Id.* ¶ 25.) On September 28, 2009, Gordon filed a writ of garnishment to collect the January 2008 judgment. (*Id.* ¶ 26.) According to the amended complaint, Gordon did not give Mr. Mandelas notice that it was filing the writ. (*Id.* ¶ 54.) On October 6, 2009, the state court entered the writ of garnishment. (*Id.* ¶ 27 & Ex. F.)

On December 10, 2009, Mr. Mandelas's bank notified him of an order requiring attachment of funds from his bank account; this was the first time he learned that the writ of garnishment had been filed.  (*Id.* ¶ 28.)

Mr. Mandelas claims that Gordon's and CACV's conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Washington Collection Agency Act ("CAA"), chapter 19.16 RCW; and the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW.  (*See generally id.*)

## II.   ANALYSIS

### A.   Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949-50 (citing *Twombly*, 550

U.S. at 556). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

1. Preliminary Matters

In its reply (Dkt. # 14), Gordon moves to strike Mr. Mandelas's response, which he filed two days after it was due. *See* Local Rules W.D. Wash. CR 7(d)(3) ("Any opposition papers shall be filed and served not later than the Monday before the noting date.") The court denies Gordon's motion to strike, but admonishes Mr. Mandelas that he must comply with the court's local rules in the future.

Gordon also objects to Mr. Mandelas's filing of two exhibits with his response. (*See* Resp. (Dkt. # 12) Exs. A & B.) Because a court evaluating a Rule 12(b)(6) motion to dismiss is limited to reviewing only the complaint, exhibits attached to the complaint, and any evidence subject to judicial notice, the court declines to consider Mr. Mandelas's submissions in conjunction with this motion to dismiss. *See Swartz*, 476 F.3d at 763.

2. FDCPA Claim (Count I)

"The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007). Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or

ORDER- 4

attempt to collect any debt." 15 U.S.C. § 1692f.  In addition to this general ban on unfair or unconscionable means of debt collection, § 1692f provides a non-exclusive list of eight prohibited means of debt collection.  *Id.* § 1692f(1)-(8).  Whether conduct violates § 1692f requires an objective analysis that takes into account the "the least sophisticated debtor" standard.  *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Guerrero*, 499 F.3d at 934.  The FDCPA is a strict liability statute, which "should be construed liberally in favor of the consumer." *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1175-76 (9th Cir. 2006) (quotation omitted).  The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

Mr. Mandelas does not contend that Gordon used any of the unfair or unconscionable means of debt collection enumerated in § 1692f.  Rather, in Count I, Mr. Mandelas invokes the FDCPA's general prohibition against unfair or unconscionable means of debt collection, and contends that Gordon and CACV violated § 1692f by (1) seeking entry of a judgment against Mr. Mandelas without giving him notice (*id.* ¶¶ 36-41); (2) purposefully delaying their efforts to collect the debt in order to collect additional interest (*id.* ¶¶ 42-52); and (3) failing to provide notice of filing the writ of garnishment as required by Washington law (*id.* ¶¶ 53-54).  Gordon counters that it was not unfair or unconscionable to fail to serve the complaint seeking entry of the judgment, to delay efforts to collect the debt, and to fail to provide notice of the writ of garnishment. Gordon relies in part on Mr. Mandelas's allegations that he knew of the NAF action and that he eventually became aware of the garnishment.

ORDER- 5

The court finds, viewing the amended complaint in light of the "least sophisticated debtor" standard, that Mr. Mandelas has alleged a plausible claim that Gordon used "unfair or unconscionable" means to collect the debt on behalf of CACV when it failed to provide him notice that it was seeking either entry of judgment or a writ of garnishment and intentionally delayed its collection efforts in order to increase the amount of the debt. The court therefore denies Gordon's motion to dismiss Mr. Mandelas's FDCPA claim.

### 3. CAA and CPA Claims (Counts II-IV)

In Counts II and III, Mr. Mandelas alleges that Defendants' delay in collecting the debt and their failure to provide notice before filing the writ of garnishment violated the CAA. (Am. Compl. ¶¶ 55-59, 60-61.) He further alleges, in Count IV, that Defendants violated the CPA by operating an unlicensed collection agency or by committing an act or practice prohibited by the CAA. (*Id.* ¶¶ 63-64.)

Gordon contends that the court must dismiss Mr. Mandelas's CAA and CPA claims because the CAA does not apply to law firms. Gordon relies primarily on RCW 19.16.100(3)(c), which excludes from the definition of "collection agency" "any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operations of a business other than that of a collection agency . . . such as . . . lawyers." Gordon seizes upon the word "lawyers" in this exclusion, and argues that because it is a law firm, it has immunity from CAA claims. Taking the allegations in the complaint as true, however, the court finds that Mr. Mandelas has properly alleged that Gordon was acting as a collection agency for CACV. The CAA defines "collection agency" as meaning and including "[a]ny person directly or

indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person." RCW 19.16.100(2)(a). Gordon satisfies this definition because it was directly engaged in collecting or attempting to collect claims owed to a third party, CACV. By contrast, Gordon does not satisfy the requirements for the RCW 19.16.100(3)(c) exclusion, as it was not engaged in collection activities on its own behalf, such as collecting debts owed to it by a client for legal services. *See LeClair v. Suttell & Associates, P.S.*, No. C09-1047-JCC, 2010 WL 417418, at *6 (W.D. Wash. Jan. 29, 2010); *Semper v. JBC Legal Group,* C04-2240-RSL, 2005 WL 2172377, at *3 (W.D. Wash. Sept. 6, 2005). Thus, because the amended complaint plausibly alleges that Gordon satisfies the definition of "collection agency" under the CAA, the court denies Gordon's motion to dismiss Mr. Mandelas's CAA claims as alleged in counts II and III. In addition, because Gordon challenges Mr. Mandelas's CPA claim only on the basis that it is not subject to the CAA, the court also denies Gordon's motion to dismiss Count IV.

Gordon also argues that law firms cannot be collection agencies because RCW 19.16.250(5) prohibits any "licensee or employee of a licensee" from "[p]erform[ing] any act or acts, either directly or indirectly, constituting the practice of law." Gordon contends that the *Semper* court overlooked this provision when it held otherwise. The court notes that the CAA also provides that it constitutes "unprofessional conduct" for certain employees of licensees to have "had his or her license to practice law suspended or revoked and two years have not elapsed since the date of such suspension or revocation, unless he or she has been relicensed to practice law in this state." RCW

1 19.16.120(4)(c).  This provision appears to contemplate that certain employees of

2 licensees will, in fact, practice law.  The parties can explore these provisions of the CAA

3 in more detail at summary judgment.  For purposes of this Rule 12(b)(6) motion to

4 dismiss, however, the court finds that Mr. Mandelas has sufficiently alleged that

5 Gordon's actions in this case satisfy the definition of "collection agency" as provided by

6 RCW 19.16.100(2) and (3).

**B.    Motion to Strike**

In the alternative, Gordon moves the court to strike 10 paragraphs of Mr. Mandelas's amended complaint pursuant to Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The challenged paragraphs appear to set forth Mr. Mandelas's understanding of the law governing FDCPA claims.  (*See* Am. Compl. ¶¶ 1, 2, 10, 11, 29-31, 33-35.)  As the court does not take legal conclusions in a complaint as true in evaluating a motion to dismiss, it finds no harm in Mr. Mandelas setting forth his understanding of the law in his complaint.  The court denies Gordon's motion to strike.

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Gordon's motion to dismiss or to strike (Dkt. # 8).

Dated this 28th day of June, 2010.

_____
JAMES L. ROBART
United States District Judge