UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN MANDELAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL N. GORDON, PC,<br><br>　　　　Defendant. | CASE NO. C10-0594JLR<br><br>ORDER DENYING MOTION TO AMEND |

This matter comes before the court on Plaintiff Steven Mandelas's motion to modify the scheduling order and for leave to file a second amended complaint (Dkt. # 28). Defendant Daniel N. Gordon, PC ("Gordon") opposes Mr. Mandelas's motion. (Resp. (Dkt. # 39).) Having considered the submissions of the parties and the relevant law, and deeming oral argument unnecessary, the court DENIES Mr. Mandelas's motion.

**I.   BACKGROUND**

On April 8, 2010, Mr. Mandelas filed his original complaint in this court. (Compl. (Dkt. # 1).) On April 12, 2010, Mr. Mandelas filed an amended complaint that addressed

ORDER- 1

formatting problems in his original complaint but added no additional claims or allegations. (Am. Compl. (Dkt. # 4).) Mr. Mandelas alleges in his amended complaint that Defendants CACV of Colorado, LLC[1] ("CACV") and Gordon violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Washington Collection Agency Act ("CAA"), chapter 19.16 RCW, in collecting a debt Mr. Mandelas allegedly owed to a third-party creditor. (*Id.*) Specifically, with respect to his FDCPA claims, Mr. Mandelas alleges that Defendants violated 15 U.S.C. § 1692f, which prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," by (1) seeking entry of judgment against him without proper notice; (2) purposefully delaying their efforts to collect the debt; and (3) failing to provide notice of a writ of garnishment issued against Mr. Mandelas's bank account. (*Id.* ¶¶ 32-54.)

On July 9, 2010, the parties filed a joint status report in which they informed the court that they expected discovery to be completed by December 15, 2010, and that they would be ready to proceed to trial by March 2011. (Dkt. # 18.) Accordingly, on July 15, 2010, the court entered a scheduling order in which it set the deadline for amending pleadings on October 21, 2010; the discovery deadline on December 20, 2010; the dispositive motions deadline on January 19, 2011; and trial on April 19, 2011. (Scheduling Order (Dkt. # 19).)

---

[1] On December 6, 2010, the court entered the parties' stipulation dismissing Mr. Mandelas's claims against CACV. (Dkt. # 34.)

ORDER- 2

1    On September 23, 2010, Mr. Mandelas served Gordon with initial discovery
2 requests, including interrogatories, requests for production, and requests for admission.
3 (Ehrlich Decl. (Dkt. # 29) ¶ 1.)  On October 25, 2010, Gordon served responses to these
4 initial discovery requests.  (*Id.* ¶ 2.)  Mr. Mandelas states that he learned from Gordon's
5 responses that Gordon left a voice message for him on July 17, 2009, and that this
6 message did not contain certain information that Mr. Mandelas contends is required by
7 the FDCPA. (*Id.* ¶¶ 5, 6.)  On October 26, 2010, Mr. Mandelas noted the deposition of
8 Gordon's designated corporate representative, Matthew Aylsworth, for November 19,
9 2010.  (*Id.* ¶ 7.)  Mr. Mandelas asserts that Mr. Aylsworth produced a document at this
10 deposition that stated that it was Gordon's policy never to "leave a message on an
11 answering machine, other than [the employee's] name, and [Gordon's] phone number."
12 (Ehrlich Decl. ¶ 10 & Ex. A.[2])

13   On December 1, 2010, Mr. Mandelas filed the instant motion for leave to modify
14 the scheduling order and for leave to file a second amended complaint.  (Mot. (Dkt. #
15 28).)  Mr. Mandelas seeks to amend his complaint to add two additional FDCPA claims
16 on his own behalf as well as on behalf of a purported class of persons who also received
17 voice messages from Gordon in connection with an attempt to collect a debt.  (*See*
18 Proposed 2d Am. Compl. (Dkt. # 41) ¶ 37.)  First, Mr. Mandelas seeks to add a claim
19 under 15 U.S.C. § 1692d(6), which prohibits a debt collector from engaging in conduct
20
21
22    [2] According to Mr. Aylsworth, Gordon required its employees always to identify that they were calling on behalf of "the debt collection law firm of Daniel N. Gordon." (Ehrlich Decl., Ex. B at 1-3.)

1  "the natural consequence of which is to harass, oppress, or abuse any person in

2  connection with the collection of a debt," including placing telephone calls "without

3  meaningful disclosure of the caller's identity." (*Id.* ¶¶ 88-93.)  Second, Mr. Mandelas

4  seeks to add a claim under 15 U.S.C. § 1692e(11), which prohibits a debt collector from

5  using "any false, deceptive, or misleading representation or means in connection with the

6  collection of any debt," including (1) failing to disclose in an initial oral communication

7  with a debtor that "the debt collector is attempting to collect a debt and that any

8  information obtained will be used for that purpose" and (2) failing to disclose in a

9  subsequent communication with the debtor that the communication is from a debt

10 collector. (*Id.* ¶¶ 94-97.)  Gordon opposes Mr. Mandelas's motion to amend.

11                              II.   ANALYSIS

12       Because the deadline for amending pleadings has passed, Federal Rule Civil

13 Procedure 16(b), rather than the "liberal amendment policy" of Rule 15(a), controls Mr.

14 Mandelas's motion to amend. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604,

15 607-08 (9th Cir. 1992); *see also Precor, Inc. v. Fitness Quest, Inc.,* No. C05-0993 RSL,

16 2007 WL 136749, at *1 (W.D. Wash. Jan. 12, 2007).  Under Rule 16(b), a "schedule may

17 be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

18 Mr. Mandelas must, therefore, show good cause for his failure to amend his complaint

19 before the deadline specified in the court's scheduling order.

20       Rule 16's "good cause" standard is more demanding that the "freely given"

21 standard of Rule 15(a). In *Johnson*, the court explained:

22

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal citations and quotations omitted).

The court finds that Mr. Mandelas has not demonstrated good cause for his failure to amend his complaint before the court's October 21, 2010 deadline. First, Mr. Mandelas delayed serving his initial requests for production, interrogatories, and requests for admission until September 23, 2010, less than 30 days before the deadline to amend pleadings. Mr. Mandelas cannot, therefore, blame his late motion to amend on Gordon's failure to serve its responses until after that deadline. Second, Mr. Mandelas seeks to add claims based on a telephone message that Mr. Mandelas himself allegedly received in July 2009. As a result, Mr. Mandelas should have been in possession of the facts upon which he now bases his claims under 15 U.S.C. §§ 1692d(6) and 1692e(11) at the time he filed his first amended complaint. Mr. Mandelas does not explain why he did not discuss the July 2009 telephone message in his first amended complaint. This is not, therefore, a case in which newly discovered evidence warrants a late amendment to the pleadings.

The prejudice to Gordon that would result from allowing Mr. Mandelas to amend his complaint at this late date provides additional justification for denying the motion to

ORDER- 5

amend. The discovery deadline has already passed; the dispositive motions deadline is less than three weeks away; and the trial date is fast approaching. (*See* Scheduling Order.) An amendment to add new claims would likely require additional discovery: for example, Gordon asserts that it would need to re-open Mr. Mandelas's deposition in order to question him about the telephone messages. (Resp. at 3.) In addition, if the court were to grant Mr. Mandelas's motion for leave to add class claims, the parties would likely require considerable additional discovery to deal with the question of class certification.

Mr. Mandelas contends, citing *Bertrand v. Sava*, 535 F. Supp. 1020, 1023 (S.D.N.Y. 1982), *rev'd on other grounds by* 684 F.2d 204 (2d Cir. 1982), that transforming an individual action into class action does not, alone, create the type of prejudice sufficient to deny a motion to amend. *Bertrand*, however, involved a unique set of facts and an unusual procedural posture. *Bertrand* was a habeas case brought by eight Haitians who were held in custody by the Immigration and Naturalization Service ("INS"). Following an evidentiary hearing in which the court found that the INS had discriminatorily denied the Haitians parole pending the completion of their exclusion proceedings, the petitioners sought to amend their habeas corpus petition to bring it on behalf of a class of all Haitians transferred to the same immigration detention center on the same date as the original eight petitioners. *Id.* at 1022. In granting the motion to amend, the court noted that a class action would not present the INS with new issues that were not involved in the original lawsuit; that "all the important testimony and exhibits" presented in the evidentiary hearing had related to the entire proposed class; that

sufficient evidence was already before the court to decide the issues with respect to the entire class; and that, "due to the identity of issues and circumstances among all Haitian detainees and the uniquely generalized tone of the prior proceedings," the interests of justice demanded allowing the petitioners to bring their action on behalf of the class. *Id.* at 1023-24. Here, by contrast, Mr. Mandelas does not seek to add class allegations to existing claims for which class-wide evidence is already before the court. Rather, he seeks to add brand-new class claims to an action that has proceeded to an advanced stage based on a separate individual claim. Thus, unlike *Bertrand*, adding class allegations now would require the parties to address issues that were not involved in the original complaint and to engage in considerable additional discovery. The court finds, under these circumstances, that allowing an untimely amendment would result in prejudice to Gordon. *See Niesse v. Shalala*, 17 F.3d 264, 266 (8th Cir. 1994) (affirming a district court's denial of a motion to amend a complaint to add class claims where several months of additional discovery would be required to deal with class certification).

In sum, because Mr. Mandelas has not demonstrated good cause for his failure to amend his complaint before the deadline to amend pleadings had passed, and because allowing an amendment at this late date would result in prejudice to Gordon, the court denies Mr. Mandelas's motion to modify the scheduling order and for leave to file a second amended complaint.[3]

---

[3] Because the court bases its denial of Mr. Mandelas's motion on its findings regarding good cause and prejudice, the court does not address Gordon's argument that Mr. Mandelas's new claims are barred by the statute of limitations or are otherwise futile. (*See* Resp. at 3-7.)

### III. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Mandelas's motion to modify the scheduling order and for leave to file a second amended complaint (Dkt. # 28).

Dated this 3rd day of January, 2011.

_____
JAMES L. ROBART
United States District Judge

ORDER- 8