1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | STEVEN MANDELAS,                          CASE NO. C10-0594JLR

11 |                    Plaintiff,              ORDER DENYING MOTIONS

12 |          v.

13 | DANIEL N. GORDON, P.C., et al.,

14 |                    Defendants.

15          This matter comes before the court on Defendant Daniel N. Gordon, P.C.'s

16   ("Gordon") motion for an extension of time to file dispositive motions (Dkt. # 87) and

17   motion to dismiss (Dkt. # 89).  The court DENIES Gordon's motions.

18          In an order dated March 31, 2011, the court granted in part and denied in part

19   Gordon's motion for summary judgment.  (Order (Dkt. # 85).)  Specifically, the court

20   granted Gordon's motion for summary judgment on Plaintiff Steven Mandelas's claims

21   arising under the Federal Debt Collection Practices Act ("FDCPA") and denied Gordon's

22   motion for summary judgment on Mr. Mandelas's claims arising under Washington state

ORDER- 1

1   law, including the Washington Collection Agency Act ("WCAA") and the Washington

2   Consumer Protection Act ("WCPA").  (*Id.*)  On April 1, 2011, Gordon filed a motion for

3   an extension of time to file dispositive motions and a motion to dismiss Mr. Mandelas's

4   remaining state-law claims for lack of subject-matter jurisdiction.  (Mot. to Extend (Dkt.

5   # 87); Mot. to Dismiss (Dkt. # 89).)  Gordon contends that the court now lacks subject-

6   matter jurisdiction over this action because it dismissed all of Mr. Mandelas's federal

7   claims on summary judgment.  (Mot. to Dismiss.)

8         The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that where the

9   district court has original jurisdiction over a civil action, the district court "shall have

10   supplemental jurisdiction over all other claims that are so related to claims in the action

11   within such original jurisdiction that they form part of the same case or controversy under

12   Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may,

13   however, decline to exercise supplemental jurisdiction over a claim if:

14         (1) the claim raises a novel or complex issue of State law,

15         (2) the claim substantially predominates over the claim or claims over
16             which the district court has original jurisdiction,

17         (3) the district court has dismissed all claims over which it has original
            jurisdiction, or

18         (4) in exceptional circumstances, there are other compelling reasons for
19             declining jurisdiction.

20   28 U.S.C. § 1367(c).

21       "The decision whether to continue to exercise supplemental jurisdiction over state

22   law claims after all federal claims have been dismissed lies within the district court's

1   discretion."  *Foster v. Wilson,* 504 F.3d 1046, 1051 (9th Cir. 2007).  "[I]n the usual case

2   in which all federal-law claims are eliminated before trial, the balance of factors . . . will

3   point toward declining to exercise jurisdiction over the remaining state-law claims."  *Acri*

4   *v. Varian Assoc., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-*

5   *Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Where substantial judicial

6   resources have already been committed to the state-law claims, however, the district court

7   may properly retain jurisdiction over the claims.  *See Schneider v. TRW, Inc.,* 938 F.2d

8   986, 994-95 (9th Cir. 1991); *Acri,* 114 F.3d at 1000 (recognizing the discretionary nature

9   of 28 U.S.C. § 1367(c) and observing that "a federal district court with power to hear

10  state law claims has discretion to keep, or decline to keep, them under the conditions set

11  out in § 1367(c)").

12      Here, the parties have already completed discovery and dispositive motions in this

13  case and are now well into their final pre-trial preparations.  Thus, because substantial

14  judicial resources have already been committed to the parties' dispute, and because

15  dismissing the state-law claims at this point would result in a significant duplication of

16  effort were Mr. Mandelas to re-assert them in state court, the court exercises its discretion

17  to retain supplemental jurisdiction over Mr. Mandelas's remaining WCAA and WCPA

18  claims.

19      For the foregoing reasons, the court DENIES Gordon's motion for an extension of

20  time to file dispositive motions (Dkt. # 87) and motion to dismiss (Dkt. # 89).

21      //

22      //

ORDER- 3

1    Dated this 6th day of April, 2011.

2

3

4                                   JAMES L. ROBART

                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 4