UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN MANDELAS,

             Plaintiff,

       v.

DANIEL N. GORDON, P.C., et al.,

            Defendants.

CASE NO. C10-0594JLR

ORDER RE: WCAA AND WCPA CLAIMS

      In an order dated March 31, 2011 (Summ. J. Ord. (Dkt. # 85)), the court granted Defendant Daniel N. Gordon, P.C.'s ("Gordon") motion for summary judgment on Plaintiff Steven Mandelas's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Viewing the evidence in the light most favorable to Mr. Mandelas, the court concluded that there was no dispute as to any material fact and that Gordon was entitled to judgment as a matter of law on Mr. Mandelas's claims that Gordon's alleged purposeful delay in collecting the debt and alleged failure to properly

ORDER- 1

1   serve a writ of garnishment filed in state court were unfair or unconscionable means of

2   collecting a debt in violation of 15 U.S.C. § 1692f.  (Summ. J. Ord. at 10-13.)

3        Gordon also moved for summary judgment on Mr. Mandelas's claims for

4   violations of the Washington Collection Agency Act ("WCAA"), ch. 19.16 RCW, and

5   the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW.  (*See* Dkt. # 47.)

6   Gordon sought summary judgment on these claims based solely only on the ground that it

7   is not subject to regulation under the WCAA.  (*See id.*)  The court denied Gordon's

8   motion, holding that there was a genuine issue of material fact regarding whether it is

9   subject to the WCAA.  (Summ. J. Ord. at 18-20.)  The court observed, however, that Mr.

10  Mandelas's WCAA and WCPA claims based on allegations of purposeful delay and

11  improper service of the writ of garnishment did not appear to be viable in light of the

12  court's holdings regarding Mr. Mandelas's FDCPA claims arising out of the same alleged

13  conduct.  (*Id.* at 20 n. 8.)  Accordingly, pursuant to Federal Rule of Civil Procedure

14  56(f)(2), the court ordered Mr. Mandelas to show cause why it should not grant summary

15  judgment to Gordon on Mr. Mandelas's WCAA and WCPA claims based on purposeful

16  delay and service of the writ of garnishment.  (Dkt. # 86.)

17       On April 8, 2011, Mr. Mandelas filed a timely response to the court's show cause

18  order.  (Dkt. # 94.)  Mr. Mandelas reaffirmed that he wishes to continue to pursue his

19  claims against Gordon based on its alleged engagement in collection activities without a

20  collection agency license in violation of the WCAA and WCPA.  (*Id.* at 1-3.)  Mr.

21  Mandelas stated, however, that:

22

1

>To the extent that Plaintiff's first amended complaint seeks relief under the
>WCAA and the WCPA "based on purposeful delay and service of the writ

2

>of garnishment" – as claims separate and distinct from those premised on
>and/or relating to RCW 19.16.110, RCW 19.16.260, RCW 19.16.440, and

3

>Chapter 19.86 RCW – Plaintiff does not intend to pursue the same.

4   (*Id.* at 3 ¶ 9.)  The parties' pretrial order also reflects that Mr. Mandelas will not pursue

5   WCAA and WCPA claims based on purposeful delay and service of the writ of

6   garnishment.  (Dkt. # 98.)

7          Accordingly, in light of the court's findings in its summary judgment order and

8   Mr. Mandelas's response to the show cause order, the court GRANTS summary

9   judgment to Gordon on Mr. Mandelas's WCAA and WCPA claims based on allegations

10  of purposeful delay and improper service of the writ of garnishment.  Mr. Mandelas's

11  WCAA and WCPA claims based on Gordon's alleged engagement in collection activities

12  without a collection agency license remain for trial.

13         Dated this 18th day of April, 2011.

14

15

16         JAMES L. ROBART
           United States District Judge

17

18

19

20

21

22

ORDER- 3